FILED 12 OCT '11 13:27 USDC-ORP

**MICHAEL C. BAXTER**
Oregon State Bar ID Number 91020
michael@baxterlaw.com
**JUSTIN M. BAXTER**
Oregon State Bar ID Number 99217
justin@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff Miller

 **ORIGINAL**

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

**CV '11 - 1231 - BR**

Case No.

**JULIE MILLER,**

      Plaintiff,

    v.

**EQUIFAX INFORMATION SERVICES
LLC,** a foreign limited liability company,

      Defendant.

**COMPLAINT**

Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.)

Demand for Jury Trial

Plaintiff alleges that at all times material:

1.

This is a civil action brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §

1681 et.seq. The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

Page 1 – COMPLAINT

#43257

2.

Plaintiff Julie Miller ("plaintiff") is a natural person residing in the State of Oregon, as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

3.

Defendant Equifax Information Services, LLC,  ("Equifax" or "Defendant") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

4.

Plaintiff was denied credit from Hubbard Bank due to her Equifax credit report.  On or about December 8, 2009, plaintiff requested her credit report from Equifax.  On or about January 5, 2010, Equifax sent plaintiff a form letter requesting she provide additional identifying information.

5.

 On or about January 11, 2010, plaintiff again requested a copy of her Equifax credit report, enclosing the additional identifying information Equifax requested in its January 5, 2011 letter.  On January 21, 2011, Equifax sent plaintiff a copy of her January 18, 2010 Equifax credit report.  The report contained false identification information, an incorrect Social Security number, a false birthday and false derogatory collection accounts attributed to her.

6.

On or about January 22, 2010, plaintiff disputed the false information appearing in her January 21, 2010 Equifax credit report via facsimile.  On or about January 26, 2010 plaintiff disputed her credit report for a second time.  Plaintiff enclosed a copy of her Equifax credit report with the false information highlighted.  Equifax did not conduct an investigation of her dispute.  On or about February 5, 2010, Equifax sent plaintiff a third form letter indicating it

Page  2 – COMPLAINT

needed additional identifying information to process her dispute.

7.

On or about February 8, 2011 plaintiff requested a new copy of her Equifax credit report. Equifax did not respond to her request for her credit report.

8.

On or about February 16, 2010, plaintiff disputed to Equifax a third time the false, derogatory information displaying in her January 21, 2010 credit report.   She again included the identifying information requested by Equifax.

9.

On or about February 26, 2010, plaintiff received her Equifax investigation results. Equifax had not changed anything on her credit report. It contained the same false information that was in her January 21, 2010 Equifax credit report.

10.

On or about March 2, 2010 plaintiff disputed a fourth time her Equifax credit report.  She included with her dispute all the identifying information Equifax required to process a dispute.

11.

On or about March 4, 2010, plaintiff received a denial of credit from Key Bank based upon information appearing in her Equifax credit report

12.

On or about March 21, 2011, plaintiff again requested a copy of her Equifax credit report. On or about April 4, 2011, plaintiff received the same form letter, for a fifth time, requesting additional identifying information. The next day she again requested her Equifax credit report,

using the identifying information Equifax requested she use to obtain her credit report.

13.

On or about April 21, 2011, plaintiff received a sixth form letter, requesting she provide the identical identifying information she had already provided on numerous occasions. On or about April 27, 2011, plaintiff sent a new request for a copy of her credit report, again containing the identical information that Equifax had previously requested she provide. Equifax received her request on April 30, 2011. Equifax did not respond to plaintiff's request for a credit report.

14.

On June 28, 2011, plaintiff called Equifax to dispute any false information appearing in her credit report and to find out why she could not get Equifax to provide her a copy of her Equifax credit report. Plaintiff provided the Equifax consumer representative her name, Social Security number and address. She also provided account information regarding her creditors. The Equifax representative told her that she was mixed with another person and she needed to dispute the false information directly to the creditors before they would release her credit report. Plaintiff complained that she did not know what was on her credit report and needed a copy to determine what was necessary to dispute. Equifax agreed to send her a copy of her credit report. On or about July 5, 2011, plaintiff received a copy of her Equifax credit report. The report contained a wrong Social Security number and numerous false, derogatory accounts.

15.

On or about July 19, 2011, plaintiff disputed to Equifax for a sixth time her Equifax credit report. Equifax received her dispute on July 23, 2011. In her dispute she informed Equifax of the false identifying information and that she had never defaulted on a single account in her life. She also detailed all the false accounts and identifying information Equifax was reporting about

her.

16.

On or about August 1, 2011, Equifax sent plaintiff the same form letter, for a seventh time, requesting that she provide the same identifying information she had previously provided on numerous occasions.  There were no results of any investigations regarding any of her previous disputes of the false information being reported about her.   On or about August 2, 2011 plaintiff disputed a seventh time, again providing the identical identifying information Equifax requested.

17.

On or about August 15, 2011, plaintiff received Equifax's August 8, 2011 credit report. She did not receive any results of investigation from her many disputes.  There was no change in her credit report.

18.

On or about August 25, 2011, plaintiff disputed an eighth time to Equifax.   Plaintiff enclosed the same identifying information she had previously provided.  In her dispute she pleaded with Equifax to investigate her credit report and detailed the same false information she had been disputing for a year and a half.  Equifax received her dispute on August 29, 2011.

19.

On or about September 2, 2011, Equifax sent plaintiff Equifax's form letter requesting she provide additional identifying information.   There were no results of investigation for any of her numerous disputes.

20.

On or about September 13, 2011, plaintiff sent Equifax the identical information Equifax requested in their form letter so that it could process her dispute.  On or about September 28,

2011, Equifax sent plaintiff the same form letter requesting she submit the identical identifying information which it claimed was necessary prior to processing this ninth request to dispute. Equifax would not investigate her disputes.  After approximately two years of disputing, plaintiff gave up and filed this lawsuit.

## FIRST CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681n)

21.

Plaintiff realleges paragraphs 1- 20 as if fully set forth herein.

22.

Equifax willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. §1681 et seq., including but not limited to:

    a)      failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

    b)      failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i;

    c)      providing plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain plaintiff's credit file pursuant to U.S.C. §1681b and

    d)      failing to provide plaintiff her credit file pursuant to 15 U.S.C. §1681g.

23.

As a result of Equifax's violations of the FCRA, Plaintiff has suffered, continues to suffer, and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

Page  6 – COMPLAINT

24.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

25.

Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition to any statutory damages in an amount to be determined by the Court.

26.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

SECOND CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681o)

27.

Plaintiff realleges paragraphs 1 - 20 as if fully set forth herein.

28.

Equifax negligently failed to comply with the requirements imposed under the FCRA, including but not limited to:

a)       failing to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b);

b)       failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i;

c)       providing plaintiff's credit file to companies without determining that these companies had a permissible purpose to obtain plaintiff's credit file pursuant to U.S.C. §1681b and

d)       failing to provide plaintiff her credit file pursuant to 15 U.S.C. §1681g.

29.

As a result of Equifax's violations of the FCRA, plaintiff has suffered, continues to suffer

and will suffer future damages, including denial of credit, lost opportunity to receive credit, damage to reputation, worry, distress, frustration, embarrassment, and humiliation, all to her damages, in an amount to be determined by the jury.

30.

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

31.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

PRAYER

Plaintiff demands a jury trial on all claims.  Wherefore plaintiff Julie Miller prays for a judgment as follows:

1.      On Plaintiff's First Claim for Relief for willful violations of the FCRA against Defendant Equifax:

      a.      Actual damages in an amount to be determined by the jury;

      b.      Punitive damages in an amount to be determined by the jury; and,

      c.      Statutory damages as determined by the court; and

      d.      Attorney fees and costs.

2.      On Plaintiff's Second Claim for Relief for negligent violations of the FCRA against Defendant Equifax:

      a.      Actual damages in an amount to be determined by the jury;

      b.      Attorney fees and costs.

3.      On All Claims for Relief, costs and expenses incurred in this action.

DATED this 12th day of October 2011.

/s/ Michael C. Baxter

Michael C. Baxter, OSB # 910203
michael@baxterlaw.com
Justin M. Baxter, OSB # 992178
justin@baxterlaw.com
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff