**Jeffrey M. Edelson, OSB #88040**
JeffEdelson@MHGM.com
MARKOWITZ, HERBOLD, GLADE
& MEHLHAF, P.C.
Suite 3000 Pacwest Center
1211 SW Fifth Avenue
Portland, OR 97204
Tel: (503) 295-3085
Fax: (503) 323-9105

**Lewis P. Perling** (*Admitted Pro Hac Vice*)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel: (404) 572-4600
Fax: (404) 572-5100
Email: lperling@kslaw.com

**Attorneys for Defendant Equifax
Information Services LLC**

**UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION**

| | |
|---|---|
| JULIE MILLER, | **3:11-CV-01231-BR** |
| Plaintiff, | **MEMORANDUM IN SUPPORT** |
| v. | **OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| EQUIFAX INFORMATION SERVICES LLC, | |
| Defendant. | |

Defendant Equifax Information Services LLC ("Equifax") submits this Memorandum in Support of its Motion for Partial Summary Judgment. For the reasons set forth below, Equifax's Motion should be granted as to several of Plaintiff's claims for damages.

**<u>INTRODUCTION</u>**

This is a lawsuit under the federal Fair Credit Reporting Act ("FCRA"). Plaintiff claims

that Equifax violated the FCRA by failing to follow reasonable procedures when preparing credit reports concerning her, failing to reinvestigate disputed information, providing her credit file to companies without determining that the companies had a permissible purpose to obtain the file, and failing to provide her copies of her credit file when she requested it.  In order to recover under the FCRA, a consumer must prove that she was damaged and that those damages were caused by the defendant.  Here, Plaintiff claims that, in addition to emotional distress, Equifax caused her to suffer (1) denials of credit, (2) lost opportunity to receive credit, and (3) damage to her reputation.  She cannot, however, support these three claims for damages.  Plaintiff failed to take any depositions or serve any subpoenas to obtain evidence on these alleged damages.  She has completely failed to marshal any relevant, admissible proof in support of the claims.  Instead, she relies on nothing more than her own conclusory allegations, speculation, and hearsay.  Under these circumstances, Equifax is entitled to summary judgment on Plaintiff's claims for the alleged denials of credit, lost opportunity to receive credit, and damage to her reputation.  The only claim for actual damages to be presented to a jury should be for her alleged emotional distress.

## EQUIFAX'S CONCISE STATEMENT OF MATERIAL FACTS

### I.    THE PARTIES

Plaintiff, Julie Miller is a "consumer" as defined by the FCRA.  (Doc. 13, ¶ 1.) Defendant, Equifax, is a "consumer reporting agency" as defined by the FCRA.  (*Id.*, ¶ 2.)

### II.    PLAINTIFF'S ALLEGATIONS

In January 2010, Plaintiff discovered that Equifax's consumer credit file contained information that did not belong to her, including an incorrect Social Security number, date of birth, and collection accounts.  (Doc. 1, ¶ 5.)  Thereafter, Plaintiff claims that she attempted to

contact Equifax to obtain copies of her credit file and dispute the misinformation, but was unsuccessful in getting the credit file or having the information removed.  (*Id.*, ¶¶ 6-10, 12-20.) Based on those facts, Plaintiff alleges that Equifax willfully and negligently failed to comply with four requirements of the FCRA:  (1) § 1681e(b), for failing to follow reasonable procedures to assure the maximum possible accuracy of the information in consumer reports; (2) § 1681i, for failing to comply with the reinvestigation requirements of the FCRA; (3) § 1681b, for providing her credit file to companies without determining that the companies had a permissible purpose to obtain the credit file; and, (4) § 1681g, for failing to provide her a copy of her credit file.  (*Id.*, ¶¶ 22, 28.)

## III.    PLAINTIFF'S ALLEGED DAMAGES

As a result of the alleged violations of the FCRA, Plaintiff claims to have suffered (1) denial of credit, (2) lost opportunity to receive credit, and (3) damage to reputation, as well as other alleged damages that include worry, distress, frustration, embarrassment, and humiliation. (*Id.* ¶¶ 23, 29.)

### A.    Alleged Denials of Credit

Plaintiff claims that she was twice denied credit due to Equifax reporting inaccurate information.  (Deposition of Julie Miller, 53:10-54:2; 63:12-19, portions attached hereto as Exhibit A and hereafter referred to as "Miller Dep.")  According to Miller, on both occasions she was attempting to co-sign on accounts for her son.  (*Id.*, 50:2-6.)  In other words, neither denial was an application for personal credit.  (*Id.*)

### i.    KeyBank

The first alleged denial of credit was an application Plaintiff made with KeyBank, in December 2009, to co-sign on an account for her son for overdraft protection on a bank account.

(*Id*., 49:10-21.)  Plaintiff has identified no witnesses from KeyBank that she expects can testify or has knowledge of her damages.  (*See* Response to Interrogatories, No. 8, attached hereto as Exhibit B.)  In fact, she is unable to name any specific person at KeyBank who would have knowledge about the application for credit, other than someone with the first name of Karen. (Miller Dep., 50:23-51:8.)  Although Plaintiff received a letter from KeyBank indicating that their decision was based on an Equifax credit report, she did not see the credit report that was used by KeyBank, has no copy of any such credit report, and has no other documents related to the application for credit.  (*Id*., 50:7-22.)  She does not know whether any specific items of information on an Equifax credit report to KeyBank were inaccurate.  (*Id*., 51:24-52:3.)  Plaintiff does not remember if her son was ultimately able to obtain the overdraft protection on the account, but thinks that he did.  (*Id*., 49:22-25; 107:6-10.)

   **ii.**  **CTL Management**

   The second alleged denial, in the fall of 2010, was by CTL Management, with whom Plaintiff applied to co-sign on an apartment application for her son.  (*Id*., 46:7-12; 47:16-23.) Plaintiff identified no witnesses from CTL Management that she expects can testify or has knowledge of her damages and provided no documents in discovery regarding the alleged denial. (*See* Response to Interrogatories, No. 8, attached hereto as Exhibit B.)  Plaintiff claims that she asked CTL Management why she was denied the application and was told that Equifax was the reason.  (Miller Dep., 47:24-48:3.)  Plaintiff does not know the name of any person at CTL Management that has knowledge of the reason for her denial and she has no documents, including no copy of a credit report, related to the application or notice of the reason for being denied.  (*Id*., 48:4-16; 51:19-23.)  Plaintiff did not see the credit report that was allegedly used by CTL Management and does not know whether any specific items on the alleged Equifax report

- 4 - **MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

were inaccurate.  (*Id.*, 48:25-49:4; 52:4-7.)  There was no inquiry on the Plaintiff's Equifax credit file by CTL Management, so there is no evidence that CTL Management even pulled an Equifax credit report or relied on a credit report issued by Equifax in making its credit granting decision.  (Declaration of Latonya Munson, ¶ 4, attached hereto as Exhibit C and hereafter referred to as "Munson Dec.")  Plaintiff's son was able to lease the apartment even though Plaintiff was allegedly denied on the application to co-sign.  (Miller Dep., 48:17-24.)

**B.    Alleged Lost Opportunities to Receive Credit**

Plaintiff also claims that, aside from alleged denials of credit, she refrained from applying for credit to purchase some items because she "knew that we were going to have problems." (*Id.*, 53:10-54:14; 63:20-64:20.)  By "lost opportunities to receive credit," Plaintiff is referring to three occasions in which she chose not to apply for credit because she "assumed" that she would not get it.  (*Id.*, 64:2-20.)

First, Plaintiff states that in the fall of 2011, she wanted to purchase a pickup truck and trailer for her brother as a gift.  (*Id.*, 54:6-18, 55:22-56:5)  Rather than try to get credit for the gift, she paid cash for the items.  (*Id.*, 55:4-7.)   Plaintiff did not apply for credit to purchase the pickup and trailer and does not know if she would have been denied if she had.  (*Id.*, 55:4-7, 56:13-16.)

Plaintiff claims that she also refrained from attempting to get a loan to build a "shop" or garage on her property because of her credit report.  (*Id.*, 56:22-57:21.)  She admits, however, that she never applied for credit to build the shop and no creditor ever told her that she could not obtain credit to build it.  (*Id.*, 58:16-21.)   She does not know if she would have been denied credit if she tried to borrow money to build the shop.  (*Id.*, 58:22-59:2.)

Finally, Plaintiff alleges that she intended to refinance her mortgage, but put it off due to

her credit report.  (*Id*., 54:6-14; 60:6-10; 61:9-22.)  Plaintiff does not know, however, if she had applied for a mortgage whether she would have been denied based on her Equifax credit report. (*Id*., 62:23-63:4.)  Plaintiff did not make an attempt to refinance.  (*Id*., 63:5-7.)

Plaintiff has no documents related to any of the three alleged lost opportunities to receive credit and named no witnesses, other than her husband, who would have knowledge of them. (*Id*., 65:2-10.)

### C.      Alleged Damage to Reputation

With regard to this element of Plaintiff's alleged damages, Plaintiff was unable to identify any person in whose eyes her reputation changed.  (*Id*., 82:13-23.)   Plaintiff claims that her reputation was damaged with CTL Management and KeyBank, but is unable to identify any person that believes her reputation is different than when she first applied for credit with them. (*Id*., 84:2-25.)

<u>ARGUMENT AND CITATION TO AUTHORITY</u>

## I.      SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  A principal purpose of the summary judgment procedure is to identify and to dispose of factually unsupported claims.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  If the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant is unable to make a showing sufficient to establish the existence of an element essential to his case.  *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 884 (1990).

## II.   PLAINTIFF CANNOT RECOVER HER ALLEGED ECONOMIC DAMAGES

When a consumer reporting agency violates the FCRA with respect to a particular consumer, it may be liable for any actual damages sustained by that consumer.   15 U.S.C. § 1681o(a).   In order to show actual damages, a plaintiff must show that the violation of the statute caused the loss of credit or some other harm.   *Bach v. First Union National Bank*, 149 Fed. Appx. 354, 360-61 (6th Cir. 2005); *Crabill v. Trans Union, LLC,* 259 F.3d 662, 664 (7th Cir.2001).

Here, other than emotional distress damages, Plaintiff claims that her "actual damages" include denial of credit, lost opportunities to receive credit, and damage to her reputation. Plaintiff has no evidence, however, that would establish that she sustained any actual damages related to those three areas and/or that that Equifax proximately caused them.   The claims for damages are factually unsupported and should be disposed of by way of summary judgment.

### A.   Alleged Denials of Credit

Plaintiff claims that she was denied credit by KeyBank and CTL Management.   Plaintiff has no admissible evidence, however, to support the claims that Equifax's reporting of inaccurate information caused Plaintiff damage in either of those two applications.   As such, any claims related to damages stemming from the two denials of credit should be excluded on summary judgment.

#### i.   Plaintiff Has No Admissible Evidence Of A Denial Of Credit.

Plaintiff's case for damages for the KeyBank denial is supported only by hearsay. Plaintiff claims she received notice of denial by letter in the mail.   Plaintiff produced a letter from KeyBank in discovery.   The document, however, is unauthenticated and inadmissible hearsay and should not be considered in deciding this motion for summary judgment.   *See*

*Anheuser-Busch, Inv. v. Natural Beverage Distributors,* 69 F.3d 337, 345 n.4 (9th Cir. 1995) ("In general, inadmissible hearsay evidence may not be considered on a motion for summary judgment"); *Orr v. Bank of Am.,* 285 F.3d 764, 783 (9th Cir. 2002) (to defeat summary judgment, respondent must respond with more than mere hearsay and legal conclusion); *see also Ransom v. Equifax Inc.*, 2010 WL 1258084, *4 (S.D. Fla. 2010) (holding in an FCRA case that letters from creditors are "hearsay documents and cannot be considered on a motion for summary judgment"); *Chiang v. Verizon New England Inc.*, 2009 WL 102707, *5 (D.Mass. 2009) (sustaining objection to letters sent from financial institutions to consumer "regarding the basis for their denials of his loan applications. Because these letters are produced without any authenticating affidavits and are offered to prove the truth of their contents"); *Williams v. Equifax Credit Info. Servs.*, 2007 WL 4458914, *3 (D. S.C. 2007) (unauthenticated documents cannot be considered on a motion for summary judgment.)  Plaintiff has identified no witness to testify at trial to introduce evidence regarding the denial.  Any testimony by Plaintiff that she was denied due to an Equifax credit report would be hearsay.  She did not see the credit report used by KeyBank and does not know what specific items of information were on it that were allegedly inaccurate.  Plaintiff has no evidence regarding the content of the consumer report the creditors actually received.

An FCRA plaintiff may establish actual damages only by producing sufficient evidence from which a reasonable trier of fact may determine that the inaccurate entry was a "substantial factor" that brought about the denial of credit.  *Philbin v. Trans Union Corp.,* 101 F.3d 957, 968–69 (3d Cir.1996).  Plaintiff bears the burden of demonstrating the credit reporting agency's credit report was a causal factor in the denial of credit at KeyBank. *Cahlin v. Gen. Motors Acceptance Corp.,* 936 F.2d 1151, 1161 (11th Cir.1991);  *see also, Crabill v. Trans Union,* 259 F.3d 662,

665 (7th Cir.2001) ("Without a causal relation between the violation of the statute and the loss of credit, or some harm, a plaintiff cannot obtain an award of 'actual damages.'")  Plaintiff cannot possibly meet this burden based on the evidence in the record.

Similarly, the facts regarding a denial by CTL Management are also hearsay and inadmissible.  Plaintiff has introduced no documents regarding the alleged denial and has identified no witnesses to introduce evidence that Equifax caused a denial.  Plaintiff did not see the credit report used and was only told that the basis for the denial was Equifax.  Clearly, that testimony is inadmissible hearsay.  Further, Equifax's file does not even contain an inquiry showing that it issued a credit report to CTL Management.  Thus, Plaintiff cannot even prove that Equifax issued a report and that the alleged denial was caused by Equifax issuing information, rather than another consumer reporting agency.  As with the KeyBank alleged denial, Plaintiff cannot show, by non-hearsay, admissible evidence, that Equifax was a substantial factor in denial of credit at CTL Management.

### ii.    Plaintiff Was Not The Person Damaged In The Alleged Denials.

Further, even if Plaintiff had admissible evidence that Equifax caused her to be denied credit at KeyBank or CTL Management, Plaintiff herself did not sustain any damage as a result of the alleged denials.  Plaintiff was not seeking credit for herself.  If there was any damage, it would have been incurred by her son, with whom she was attempting to co-sign for overdraft protection and an apartment.  The FCRA states that a consumer may recover damages "sustained by the consumer."  15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1).  Thus, Plaintiff must also demonstrate that she was the one damaged in some way by the denials.  Plaintiff has made no such showing in this case, and, in fact, testified that her son was able to obtain the credit for the apartment and that she thinks that he also got the overdraft protection.

**B.      Alleged Lost Opportunities to Receive Credit**

Plaintiff asserts three occasions on which she allegedly refrained from applying for credit on the basis that she "assumed" that she would be denied.  Courts consistently have held, however, that an alleged lost opportunity to obtain credit is too speculative and, absent evidence that a consumer actually was deprived of a loan or credit, is not recoverable.  *See Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 475 (2nd Cir. 1995) (in the absence of evidence that plaintiff applied for a home loan and was denied, or received less favorable terms because of plaintiff's credit report, the damages plaintiff sought were too speculative); *Byrd v. Trans Union LLC*, 2010 WL 2555119, *3 (D.S.C. June 18, 2012) (decision on motion in limine, holding that "loss of opportunity to receive credit, absent some evidence that [Plaintiff] actually applied for and was denied credit because of an error in an Equifax credit report, is too speculative to support a claim for economic damages"); *Campbell v. Experian Info. Sol, Inc.*, 2009 WL 3834125, *8 (W.D. Mo. Nov. 13, 2009) (Plaintiff's loss in credit expectancy damages was not allowed as a matter of law because the damages were too speculative);  *Rambarran v. Bank of America*, 609 F.Supp.2d 1253, 1265 (S.D. Fla. 2009) (Plaintiff's claim that he would have applied for credit, but decided not to do so out of a concern that a rejected credit application would further harm his credit rating was too speculative to withstand summary judgment); *Garrett v. Trans Union, LLC*, 2006 WL 2850499, *12 (S.D. Ohio Sept. 29, 2006) (summary judgment on claims for loss of credit opportunities or credit expectancy granted because they are too speculative); *Ladner v. Equifax Credit Information Services, Inc.*, 828 F. Supp. 427, 431 (S.D. Miss. 1993) (no damages sustained where plaintiff did not complete a loan application after learning of credit file inaccuracies).  Refraining from applying for credit is too speculative to be recoverable and the claims here should be dismissed on summary judgment.

C.      **Alleged Damage to Reputation**

Finally, the alleged reputation damages, like the alleged denials of credit, are supported only by hearsay.  Plaintiff claims that her reputation was besmirched with KeyBank and CTL Management when Equifax produced credit reports to them.  She is not, however, able to identify any person with those companies who will testify as to her reputation.  Thus, her claim that the companies believed that her reputation was lowered is nothing more than hearsay and, for the same reasons given above regarding the denials of credit, should be excluded on summary judgment.

<u>**CONCLUSION**</u>

For the reasons stated, Equifax's Motion for Summary Judgment should be granted.

Respectfully submitted, this 4th day of September, 2012.

/s/Lewis P. Perling
Lewis P. Perling (*Admitted Pro Hac Vice*)
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Tel:  (404) 572-4600
Fax: (404) 572-5100
Email: lperling@kslaw.com

Jeffrey M. Edelson, OSB #88040
MARKOWITZ, HERBOLD, GLADE
& MEHLHAF
Suite 3000 Pacwest Center
1211 S.W. Fifth Avenue
Portland, Oregon  97204
Tel:  (503) 295-3085
Fax:  (503) 323-9105

**Attorneys for Defendant Equifax
Information Services LLC**

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

## <u>ATTORNEY CERTIFICATE OF SERVICE</u>

I hereby certify that on September 4, 2012, I have made service of the foregoing in the

manner indicated:

**Michael C Baxter**
**Justin Baxter**
Baxter & Baxter
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
*Attorneys for Plaintiff*

☐ U.S. Mail
☐ Facsimile
☐ Hand Delivery
☐ Overnight Courier
☐ Email
☒ Electronically via USDC CM/ECF system

/s/Lewis P. Perling
Counsel for Equifax
Information Services LLC

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**