**MICHAEL C. BAXTER**                          **The Hon. Anna J. Brown**
Oregon State Bar ID Number 91020
michael@baxterlaw.com
**JUSTIN M. BAXTER**
Oregon State Bar ID Number 99217
justin@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff Miller

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

**JULIE MILLER**,                                  Case No. 3:11-cv-01231-BR

             Plaintiff,

     v.                                            **PLAINTIFF'S MEMORANDUM IN
                                                   OPPOSITION TO DEFENDANT'S
                                                   MOTION FOR PARTIAL SUMMARY
**EQUIFAX INFORMATION SERVICES**                   JUDGMENT
**LLC,** a foreign limited liability company,

             Defendant.

_____

Page  1 – **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

INTRODUCTION

This is a civil action for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq. Equifax Information Services, a national credit reporting agency, merged Julie Miller's credit information with another consumer with a different Social Security number, a different date of birth, and a different address. Ms. Miller repeatedly contacted Equifax attempting to dispute the false information in her credit reports. Equifax admits that it failed to comply with its procedures, and failed to comply with FCRA. As a result, Ms. Miller suffered damages which are recoverable under the FCRA.

Equifax moves for partial summary judgment as to some, but not all of plaintiff's damages. Because Equifax does not move against liability or all of plaintiff's claims for damages, there will be a trial in this case. For the reasons set forth below, the Court should deny Equifax's motion.

SUMMARY JUDGMENT STANDARD

To avoid summary judgment, the opposing party need not prove that the issue of fact would be resolved in its favor. The party need only show sufficient evidence of a factual dispute to require that a jury resolve the dispute at trial. *TW Electrical Service, Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The court does not weigh the evidence and must view the evidence in the light most favorable to the nonmoving party. *Id.* If there is a conflict of evidence, the judge must assume the truth of the evidence set forth by the nonmoving party. *Id.* at 631. "Put another way, if a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied." *Id.* All inferences must be drawn in the light most favorable to the nonmoving party. *Id.*

ARGUMENT

I. THE FAIR CREDIT REPORTING ACT

The FCRA was the product of Congressional concern over abuses in the credit reporting industry. *Guimond v. Trans Union Credit Information Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). Congress specifically noted that credit reporting agencies have "grave responsibilities" in the assembling of consumer credit and other information and must exercise those responsibilities with fairness, partiality and a respect for the consumer's right to privacy. 15 U.S.C. § 1681(a)(3) and (4).

The FCRA was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner. *Guimond*, 45 F.3d at 1333. "These consumer oriented objectives support a liberal construction of the FCRA." *Id.*

In this case, Ms. Miller repeatedly attempted to dispute false information Equifax was reporting about her. Equifax did not contact any of the furnishers of the disputed information, and did not delete the disputed information. Equifax's corporate representative admitted that Equifax failed to follow its procedures, and failed to comply with the Fair Credit Reporting Act:

> **Q. Did Equifax take any actions to**
> **investigate the disputed accounts or information?**
> A. No.
>
> **Q. Was that consistent with Equifax's**
> **policies and procedures?**
> A. No.
>
> **Q. And why didn't Equifax reinvestigate the**
> **disputed accounts?**
> A. Being that it's outside of policy, I
> have no idea why not.

**Q. Why didn't Equifax notify the furnishers
of Ms. Miller's dispute?**
A. Same response. It's outside of policy,
so I have no idea why not.

**Q. Do you agree that the furnishers should
have been notified of Ms. Miller's disputes,
correct?**
A. That's correct.

**Q. Was Equifax's conduct in that regard
consistent with the Fair Credit Reporting Act?**
A. The reinvestigation policy and
procedures was not followed.

**Q. And the Fair Credit Reporting Act was
not followed, correct?**
A. Correct. (L. Mixon Depo. Tr., p. 105-106).

II. PLAINTIFF SUFFERED ACTUAL DAMAGES.

    A. <u>Key Bank Denial.</u>

Plaintiff may recover actual damages under Section 1681n and 1681o. Actual damages

include economic and noneconomic damages. *Guimond*, supra, 45 F.3d at 1333. Plaintiff need

not prove "but for" causation. Rather, plaintiff need only show that the defendant's failure to

comply with the FCRA was a "substantial factor" in causing their damages. *Philbin v. Trans*

*Union Corp.*, 101 F.3d 957, 968 (3d Cir. 1996).

In *Bradshaw v. BAC Home Loans Servicing, LP*, 816 F. Supp. 2d 1066 (D. Or. 2011),

Judge Haggerty of this court denied a similar motion for summary judgment. Judge Haggerty

noted: "Plaintiffs have produced letters from Simmons First National Bank and Discover

Financial Services listing Trans Union as the CRA they utilized in obtaining information on

Nickalas Bradshaw's creditworthiness. A reasonable trier of fact could infer that Trans Union's

allegedly inaccurate reporting was a substantial factor in these credit grantors' decisions to deny

credit to Nickalas Bradshaw." *Id.* at 1075.

In *Rothery v. Trans Union, LLC*, 2006 U.S. Dist. LEXIS 44959, Judge Stewart of this

court denied a similar motion for summary judgment, observing:

> "While Rothery has personal knowledge of her interactions with Freedom
> Mortgage, it is unclear how she knows that she lost the Freedom Mortgage loan
> due in substantial part to Trans Union's violations of the FCRA. Yet Rothery need
> not submit direct evidence that an inaccuracy by Trans Union was crucial to the
> decision to deny credit. It is 'sufficient that, as with most other tort actions, a
> FCRA plaintiff produce evidence from which a reasonable trier of fact could infer
> that the inaccurate entry was 'a substantial factor' that brought about the denial of
> credit.' Here a reasonable jury could infer that Freedom Mortgage was referring
> to the inaccurate adverse information concerning Weyer supplied by Trans Union
> to CBC.2006 U.S. Dist. LEXIS 44959 at *31-32 (citing *Philbin v. Trans Union
> Corp.*, 101 F.3d 957, 968 (3rd Cir. 1996), adopted by J. Brown, 2006 U.S. Dist.
> LEXIS 44954.

Ms. Miller applied for a Key Bank cash reserve credit line in December 2009 and again

in February 2010. Decl. of J. Miller, ¶ 1. An Equifax credit report dated August 8, 2011, lists

inquiries from Key Bank which correspond to those dates. Miller Decl., ¶ 1, Ex. 1. The Equifax

credit report reads "This section lists companies that requested your credit file." Equifax's

corporate representative testified:

```
Q. Do you see in the Inquiry Section
KeyBank requested a copy of this credit file in
December of 2009?
A. I see -- yes.

Q. Would you agree that Equifax sent
a copy of this credit file to KeyBank in December of
2009?
A. Yes. (L. Mixon Depo. Tr., p. 80-81).
```

Shortly after the dates of the inquiry, Key Bank sent plaintiff letters advising Ms. Miller

that it was denying her application based upon derogatory information reported by Equifax.

Miller Decl., ¶ 1, Ex. 2-3. Ms. Miller does not have any collection accounts. Miller Decl., ¶ 1.

Given that Equifax provided a credit report to Key Bank immediately after Ms. Miller's

applications for credit, and immediately preceding denial letters from Key Bank, a reasonable

jury may conclude that the 21 collection accounts Equifax was falsely reporting were a substantial factor in the denials.

Equifax's second argument is that plaintiff was applying for credit for her son, as opposed to for herself. That is not correct. She was a co-signor on both the accounts applied for with Zachry Miller and Rick Miller. She was denied for both credit lines.[1]

B. CTL Denial.

Plaintiff does not claim this denial as damages in this case. In her deposition, she was asked about the credit denial, and confused Equifax with another credit reporting agency, Experian. Had Equifax advised plaintiff's counsel that it was moving on this ground, this would have been clarified, and there would have been no need to file this motion.

C. Lost Credit Opportunity.

As a result of the false information being reported in her Equifax credit report, and confirmed by repeated credit denials from Key Bank, Ms. Miller knew that she would be denied credit, or that she would be granted credit on very unfavourable terms. As a result, she stopped seeking credit. J. Miller Decl., ¶ 2. Had she continued applying for credit, Equifax would no doubt be complaining that she had failed to mitigate her damages.

In *Dennis v. BEH-1, LLC*, 504 F.3d 892 (9th Cir. 2007), the Ninth Circuit reversed summary judgment, noting "Dennis testified that he hoped to start a business and that he diligently paid his bills on time for years so that he would have a clean credit history when he sought financing for the venture. The only blemish on his credit report in April 2003 was the

---

[1] Neither Zachry Miller nor Rick Miller have any collection accounts in their credit reports. As noted in Equifax's brief, Ms. Miller's son ultimately did qualify for the credit line when he applied without his mother.

Page 6 – **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

erroneously reported judgment. According to Dennis, that was enough to cause several lenders to decline his applications for credit, dashing his hopes of starting a new business." *Id.* at 895.

As in *Dennis*, Ms. Miller knew that she would be denied credit due to more than 20 false collection accounts Equifax was reporting. Subsequent to the denials by Key Bank, Ms. Miller paid cash for a truck for her disabled brother she would have preferred to have taken a loan on, put off building a shop, and put off refinancing her mortgage. J. Miller Decl., ¶ 2. There was no reason for her to apply for an auto loan or other credit just to be denied. It was not speculation on her part, because she knew she had been denied credit based upon false reporting by Equifax, and she knew that Equifax had not taken any action to delete the false collection accounts. Common sense further supports Ms. Miller's expectation that she would be denied, given more than twenty collection accounts on her credit report.

D. Damage to Reputation.

A consumer may recover damages for damage to their reputation under the FCRA. *Dalton v. Capital Associated Indus.*, 257 F.3d 409, 418 (4th Cir. 2001). Equifax's motion is based upon the argument that Ms. Miller does not know the identities of individuals who saw false information in her credit report. However, Equifax's own documents show that it provided derogatory credit information to numerous businesses, including the afore mentioned Key Bank. These businesses include: Key Bank, Cox Communications, GEMB/JC Penney, Nordstrom, American Express, Farmers Insurance, FIA, American Int'l Advert., Discover Fin. Serv., Liberty Mutual Ins., Fingerhut, Landsafe Credit, Clearwire Corp., Dish Network, Swiss Colony, Amerimark, Macy's Vonage, Mason, Capital One Bank, and Figis. J. Miller Decl., ¶ 3, Ex. 4-6. The jury may conclude that reporting collection accounts to a dozen or more businesses harmed Ms. Miller's reputation.

Page 7 – **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

CONCLUSION

For the reasons set forth above, plaintiff asks the Court to deny Equifax's motion for

partial summary judgment.

DATED this 14th day of September, 2011.

Respectfully submitted,

/s/ Justin M. Baxter

_____

Justin M. Baxter, OSB #992178
justin@baxterlaw.com
Baxter & Baxter, LLP
8835 SW Canyon Lane, Suite 130
Portland, OR 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172

Page  8 – **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**