IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JULIE MILLER,                                    3-11-CV-01231-BR

        Plaintiffs,                       OPINION AND ORDER

v.

EQUIFAX INFORMATION SERVICES, LLC,
a foreign limited liability company,

        Defendant.

---

MICHAEL C. BAXTER
JUSTIN M. BAXTER
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, OR 97225
(503) 297-9031

        Attorneys for Plaintiff

JEFFREY M. EDELSON
Markowitz, Herbold, Glade & Mehlhaf, P.C.
Suite 3000 Pacwest Center
1211 S.W. Fifth Avenue
Portland, OR 97204
(503) 295-3085

LEWIS P. PERLING
King & Spalding LLP
1180 Peachtree Stree, N.E.
Atlanta, GA 30309
(404) 572-4600

        Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge:**

This matter comes before the Court on Defendant's Motion (#15) for Partial Summary Judgment on Plaintiff's First and Second Claims for Relief under the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681(n) and 1681(o). For the reasons that follow, the Court **DENIES** Defendant's Motion.

## PLAINTIFF'S COMPLAINT

### A. Factual Allegations.

Plaintiff alleges that she requested a copy of her credit report from Defendant in December 2009 after she was denied credit by a bank. On or about January 5, 2010, Defendant requested Plaintiff to provide additional identifying information, and Plaintiff complied with the request on or about January 11, 2010. On January 21, 2010,[1] Defendant provided Plaintiff with a credit report dated January 18, 2010, that included allegedly false identification information, an incorrect Social Security number and birthdate as well as derogatory collection account information improperly attributed to accounts belonging to Plaintiff.

---

[1] In her Complaint Plaintiff states the date that Defendant requested the information and the date that she responded as January 5, 2011, and January 21, 2011, respectively. It is clear from the record that those dates should have been alleged as January 5, 2010, and January 21, 2010, and the Court considers them as such for purposes of this Motion.

On nine separate occasions between January 2010 and September 2011 Plaintiff disputed the allegedly incorrect information in Equifax's January 18, 2010, credit report. Nevertheless, Defendant continued to send to Plaintiff the same form letter repeatedly requesting additional identifying information, and on each occasion, Plaintiff provided the requested information.

In the meantime, Plaintiff alleges she was denied credit by Key Bank on March 2, 2010, based on information in her Equifax credit report.

On September 28, 2011, after the last letter from Defendant requesting further information, Plaintiff brought this action under FCRA.

B.  **Alleged FCRA Violations**.

Plaintiff alleges Equifax either willfully or negligently violated FCRA as follows:

(1) by not following "reasonable procedures to assure maximum accuracy of the information concerning the individual about whom the report relates" in violation of 16 U.S.C. § 1581e(b);

(2) by not complying with FCRA's reinvestigation requirements regarding the accuracy of information contained in Plaintiff's file in violation of 16 U.S.C. § 1581i;

(3) by providing Plaintiff's credit file to companies without determining whether those companies had a permissible purpose to obtain that credit file in violation of 16 U.S.C. § 1681b(3); and

(4) by failing to provide Plaintiff with a copy of her credit file in violation of 16 U.S.C. § 1681g.

Plaintiff alleges she has suffered and will continue to suffer actual damages arising from the denial of credit; the lost opportunity to obtain credit; the loss of her good reputation damages to her reputation; and her resulting worry, distress, frustration, embarrassment, and humiliation.

## **STANDARDS**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, No. 09-36109, 2011 WL 723101, at *8 (9th Cir. Mar. 3, 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id.* "This

4 - OPINION AND ORDER

burden is not a light one. . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)(citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936*, 680 F.2d 594, 598 (9th Cir. 1982)).

A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1987)). *See also Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually

implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

## DISCUSSION

Defendant contends there is not a genuine dispute of material fact and Defendant is entitled to summary judgment as a matter of law on the basis that Plaintiff (1) cannot recover damages for denial of credit, (2) cannot recover damages based on lost credit opportunities, and (3) cannot recover damages for loss of her good reputation.

### A.  **Denial of Credit**.

Defendant asserts there is not a genuine dispute of material fact as to Plaintiff being denied credit because of erroneous information in her credit report. Defendant notes that Plaintiff, on the two occasions that she was denied credit, was merely cosigning for credit in her son's name at Key Bank and at

a management company for the apartment that her son was leasing. Thus, neither application involved personal credit in her name. Defendant also points out that Plaintiff was unaware of the details regarding the rejection of her son's application for credit except for the letter from Key Bank indicating its decision to deny credit to her son was based on the Equifax credit report. Because Plaintiff did not provide any information to Defendant as to why her son's application for an apartment lease was denied, Defendant contends Plaintiff may not recover actual damages otherwise allowable under FCRA based on adverse consequences to her son.

The fact that Plaintiff's son rather than Plaintiff was the putative beneficiary of Plaintiff's credit, however, does not alter the fact that Plaintiff's credit report apparently was a factor in the rejection of her son's application for a lease and for credit at Key Bank. In *Guimond v. Trans Union*, 45 F.3d 1329, 1333 (9th Cir. 1995), the Court addressed what is meant by "actual damages" under FCRA:

> The term "actual damages" has been interpreted to include recovery for emotional distress and humiliation. Moreover, no case has held that a denial of credit is a prerequisite to recovery under the FCRA.

See also *Bradshaw v. BAC Home Loans Serv., LP*, 816 F. Supp. 1066, 1075 (D. Or. 2011)("Actual damages resulting from fees incurred

7 - OPINION AND ORDER

in requesting credit reports, emotional distress, and humiliation are also recoverable.").

On this record the Court concludes Defendant has not demonstrated as a matter of law that it is factually implausible for Plaintiff to prove that she suffered actual damages as a result of the denial of credit to her son or his difficulty in leasing an apartment based on adverse information in her credit report. Accordingly, summary judgment on this basis is not warranted.

B.      **Damages for Lost Credit Opportunities/Reputation**.

Plaintiff asserts she did not apply for additional credit after these denials for fear that her new applications would be denied as well. She also contends her reputation has been damaged as a result of Equifax's actions.

Defendant, in turn, argues Plaintiff was unable to identify any specific lost credit opportunities and, in any event, any purported damage to her reputation is speculative.

The Court disagrees that Plaintiff's fear of lost credit opportunities and/or damage to her reputation is speculative or factually implausible. As the record reflects, Plaintiff's poor credit rating as reported by Equifax has already had adverse consequences in the recent past, and, as a matter of common sense, rational jurors might conclude it is likely to be harmful in the future unless changes, if warranted, are made to her

credit report. Accordingly, the Court denies Defendant's Motion for Partial Summary Judgment on this ground as well.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant Motion (#15) for Partial Summary Judgment.

IT IS SO ORDERED.

DATED this 28th day of November, 2012.

_____
ANNA J. BROWN
United States District Judge

9 - OPINION AND ORDER