**MICHAEL C. BAXTER**
Oregon State Bar ID Number 910203
michael@baxterlaw.com
**JUSTIN M. BAXTER**
Oregon State Bar ID Number 992178
justin@baxterlaw.com
**KACHELLE A. BAXTER**
Oregon State Bar ID Number 120659
kachelle@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff Miller

Judge Anna J. Brown

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JULIE MILLER**, | Case No. 3:11-cv-01231-BR |
| Plaintiff, | |
| v. | **JOINT WITNESS LIST** |
| **EQUIFAX INFORMATION SERVICES LLC,** | |
| Defendant. | |

Pursuant to the Court's Trial Management Order entered in this case, Plaintiff Julie Miller and Defendant Equifax Information Services LLC ("Equifax") submit the following Joint Witness List.

Page  1 – **JOINT WITNESS LIST**

I. **Plaintiff's witnesses whose testimony may be received without objection:**

1. **Julie Miller**

Ms. Miller will testify about her personal background. She will testify regarding her claims for relief, including information Equifax included in her credit file, her attempts to have Equifax remove false and derogatory information from her credit file, her attempts to receive copies of her credit file, and applications that she made for credit. She will testify regarding the exhibits she offers. She will testify regarding the damages she has suffered.

2. **Rick Miller**

Mr. Miller is Ms. Miller's husband. He will testify about the errors on his wife's credit file, her attempts to get the numerous false collection accounts off of her credit file, and other damages suffered by Ms. Miller.

3. **Equifax Information Services, LLC (Margaret Leslie)**

Ms. Leslie was designated as a corporate representative for Equifax. Plaintiff will read portions of her deposition testimony.

II. **Plaintiff's witnesses to whom defendant objects:**

1. **Monica Evenson**

Ms. Evenson is Ms. Miller's friend and neighbor. She will testify about Ms. Miller's damages.

Objection: Equifax is submitting a motion in limine to exclude this witness on the grounds that she lacks first-hand knowledge and her testimony includes only hearsay. She also is unnecessarily duplicative and cumulative of other witnesses.

Response: Plaintiff will respond to the motion in limine, citing Fed. R. Evid. 803(3) (Then-Existing Mental, Emotional, or Physical Condition), and the witness' ability to testify

about her observation of plaintiff's demeanor and affect. The testimony will be limited to approximately fifteen minutes of direct testimony.

    **2. Sheryl Bauer**

Ms. Bauer is Ms. Miller's friend and neighbor. She will testify about Ms. Miller's damages.

    <u>Objection</u>:  Equifax is submitting a motion in limine to exclude this witness on the grounds that she lacks first-hand knowledge and her testimony includes only hearsay.  She also is unnecessarily duplicative and cumulative of other witnesses.

    <u>Response</u>: See response re: Monica Evenson

    **3. Karen Fox**

Ms. Fox is Ms. Miller's friend and neighbor. She will testify about Ms. Miller's damages.

    <u>Objection</u>:  Equifax is submitting a motion in limine to exclude this witness on the grounds that she lacks first-hand knowledge and her testimony includes only hearsay.  She also is unnecessarily duplicative and cumulative of other witnesses.

    <u>Response</u>: See response re: Monica Evenson

    **4. Amy Nelson**

Ms. Nelson is Ms. Miller's friend and neighbor. She will testify about Ms. Miller's damages.

    <u>Objection</u>:  Equifax is submitting a motion in limine to exclude this witness on the grounds that she lacks first-hand knowledge and her testimony includes only hearsay.  She also is unnecessarily duplicative and cumulative of other witnesses.

    <u>Response</u>: See response re: Monica Evenson

    **5. Lynne Delmore**

Ms. Delmore is an employee of Keybank. She will testify regarding Ms. Miller's credit denial by Keybank, based upon an Equifax credit report.

Objection:  Equifax is submitting a motion in limine to exclude this witness on the grounds that she was not disclosed in discovery and thus Equifax would be prejudiced if she is allowed to testify.  Equifax also is submitting a motion in limine to exclude the Keybank evidence in general.

Response: Ms. Delmore has been designated by Keybank in response to a proposed trial subpoena. Plaintiff identified Keybank (and the particular exhibits at issue) in response to interrogatories, document production, and in deposition. Equifax chose not to conduct any discovery of Keybank.

**6. Rebecca Valentine**

Ms. Valentine is a consumer who spent years disputing information with Equifax and trying to get Equifax to report accurately about her. She will testify concerning her communications with Equifax, Equifax issuing credit reports that included other individuals (Rebecca Parra and Rebecca Valentin) on her credit reports, Equifax's failure to remove false information from her credit report, and Equifax's instructions to her to contact the credit grantors to dispute false information. Ms. Valentine may also be called in rebuttal to testimony by Equifax's witnesses.

Objection:  Equifax is submitting a motion in limine to exclude this witness on the grounds that she was not disclosed in discovery and thus Equifax would be prejudiced if she is allowed to testify and on the grounds that her testimony would be irrelevant and likely prejudicial.

Response: Ms. Valentine's testimony is relevant in relation to plaintiff's claim that

Page  4 – **JOINT WITNESS LIST**

Equifax willfully violated the FCRA, was on notice of similar violations of the FCRA as those experienced by plaintiff, and may be called to impeach testimony that plaintiff's experience was an aberration or the result of "human error."

    7. **Matthew Kirkpatrick**

Mr. Kirkpatrick is a consumer who spent years disputing information with Equifax and trying to get Equifax to report accurately about him. He will testify concerning his communications with Equifax, Equifax's failure to conduct reinvestigations in response to his disputes, and Equifax's instructions to him to contact the credit grantors to dispute false information. Mr. Kirkpatrick may also be called in rebuttal to testimony by Equifax's witnesses.

<u>Objection</u>: Equifax is submitting a motion in limine to exclude this witness on the grounds that he was not disclosed in discovery and thus Equifax would be prejudiced if he is allowed to testify and on the grounds that his testimony would be irrelevant and likely prejudicial.

<u>Response</u>: See response re: Rebecca Valentine. Mr. Kirkpatrick was admitted to testify by Judge Jones in Ms. Valentine's trial.

    8. **Evan Hendricks**

Mr. Hendricks is an expert witness. He will testify regarding the adequacy of Equifax's practices and procedures, Equifax's knowledge of problems with its procedures leading to inaccuracy, mixed files and failure to adequately address consumer disputes, the damages suffered by victims of chronic credit report inaccuracy, the history, nature and purpose of credit reports and credit scores, the Fair Credit Reporting Act, and other matters addressed in his report and deposition.

<u>Objection</u>: Equifax's Motion to Limit testimony by Mr. Hendricks on several grounds is

pending.

Response: Plaintiff incorporates the points and authorities set forth in her memorandum in opposition to defendant's motion to limit Mr. Hendricks' testimony.

**9.  Equifax Information Services, LLC (LaDeamaya Mixon)**

Ms. Mixon was designated as a corporate representative for Equifax. Plaintiff will read portions of her deposition testimony.

Objection:  Equifax has submitted several objections to the testimony designated by Plaintiff from Ms. Mixon's deposition.  Equifax also is submitting a motion in limine to exclude certain objectionable testimony.

Response: Equifax intends to offer Ms. Mixon as a witness. Plaintiff will respond to the motion in limine separately.

**III.      Defendant's witnesses whose testimony may be received without objection:**

**1.      LaDeamya Mixon, Office of Consumer Affairs, Equifax Information Services LLC.**

Ms. Mixon is expected to testify concerning Equifax's policies and procedures related to the handling of consumer disputes, specific disputes made by Plaintiff, and the contents of Plaintiff's credit file.

**2.      Margaret Leslie, Vice President of U.S. Consumer Systems, Equifax Information Services LLC.**

Ms. Leslie is expected to testify concerning Equifax and the credit reporting industry in general, Equifax's policies and procedures concerning the creation, update, and storage of credit files, its matching logic for the creation and combining of files, and the contents and history of plaintiff's credit files.

**3. Anne P. Fortney, Esq., Hudson Cook LLP.**

Ms. Fortney has been designated as an expert witness by Equifax in this matter and is expected to testify concerning those matters contained in her expert report.

**4. Plaintiff Julie Miller (via deposition)**

Ms. Miller is expected to testify, via deposition, concerning her communications with Equifax and her alleged damages.

5. Any witnesses listed by Plaintiff.

6. Any impeachment or rebuttal witnesses deemed appropriate.

DATED this 28th day of June, 2013.

/s/ Justin M. Baxter
_____
Justin M. Baxter, OSB No. 992178
Attorney for Plaintiff


DATED this 28th day of June, 2013.

/s/ Lewis P. Perling
_____
Lewis P. Perling, Admitted *Pro Hac Vice*
Attorney for Equifax Information Services LLC

Page  7 – **JOINT WITNESS LIST**