IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JULIE MILLER,                                    3:11-CV-01231-BR

                 Plaintiff,            FINAL JURY INSTRUCTIONS

v.

EQUIFAX INFORMATION SERVICES, LLC.,

                 Defendant.


Members of the jury, now that you have heard all of the
evidence, it is my duty to instruct you on the law that applies
to this case.  You each have a copy of these instructions for you
to consult as you deliberate.

1 - JURY INSTRUCTIONS

## DUTY TO DELIBERATE

It is now your duty to weigh and to evaluate all of the evidence calmly and dispassionately, to decide how believable and reliable the evidence is, and in that process, to decide what the facts are. Although you are free to draw reasonable inferences from the evidence, you must not decide the case based on guesswork, speculation, or conjecture, and you must not allow bias, sympathy, or prejudice any place in your deliberations. All parties are equal before the law, and so an individual like Ms. Miller and a corporation like Equifax are each entitled to the same fair and conscientious treatment as you consider all of the evidence and as you determine your Verdict.

Once you decide what the facts are, you will apply to those facts the law as I am instructing you whether you agree with the law or not. This is just as you promised to do in the Oath you took at the beginning of the case.

You must follow all of these instructions and not single out some and ignore others; they all are equally important. Please do not read into these instructions or into anything I have said or done during the trial any suggestion that I have an opinion as to what verdict you should return – that matter is entirely up to you.

Because you must base your verdict only on the evidence and on these instructions, I remind you that you must not be exposed

to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature such as Facebook.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case while you are still serving as a juror, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

Do not read, watch, or listen to any news, media, or other accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these

3 - JURY INSTRUCTIONS

restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the Court immediately.

### EVALUATING THE EVIDENCE

### What is evidence/What is not evidence

In deciding the facts, you may consider only the evidence received in the case which consists of:

1.    the sworn testimony of each witness, regardless whether the witness testified personally before you in the courtroom or via previously recorded testimony;

2.    the exhibits which have been received into evidence; and

3.    any agreed facts the parties or I point out to you, which, because they are agreed, do not require any proof.

But the following things are not evidence, and you may not consider them in deciding what the facts are during your deliberations:

1.    Arguments, statements, and questions by the lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times, including when they question witnesses, is intended to help you

interpret the evidence, but it is not evidence.  If you remember the evidence differently from how the lawyers describe it, your memory of the evidence controls.

2.    Objections by the lawyers are not evidence.  Although the lawyers may challenge evidence by making an objection, the objection is not itself evidence, but you should follow my ruling about any objection.  If I "over-ruled" an objection, then the challenged material is received in evidence and you may consider it along with all of the other evidence.  On the other hand, if I "sustained" an objection, the challenged material is not received and you may not consider it during your deliberations.  Do not concern yourself with why a lawyer made an objection or what a witness may have said if there had not been an objection.

3.    Testimony or any other matter that I have told you to disregard is not evidence and, therefore, you must not consider it during your deliberations.

4.    Finally, anything you may have seen or heard when court was not in session is not evidence.  This is true even if what you see or hear out of court is said or done by someone connected with the case.

Remember, you must decide the case solely on the evidence received during the trial and on these instructions.

## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial.  Direct evidence is the direct proof of a fact, such as testimony of an eyewitness about what the witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, the proof of one or more facts from which you could find by inference that another fact exists even though the other fact has not been proved directly.  The law does not prefer one kind of evidence over the other.  You should consider both direct and circumstantial evidence and then decide how much weight to give to any particular piece of evidence.

## Evaluating Witness Testimony

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  The testimony of any one witness whom you believe is sufficient to prove any fact in dispute.  So do not simply count the number of witnesses for or against a proposition, but weigh and evaluate the testimony and the credibility of each witness.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or to hear or to know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. whether the witness has any interest in the outcome of the case and, therefore, whether the witness has any bias or prejudice;

5. whether other, more persuasive evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other facts that you find bear on the believability of a witness.

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.  You should evaluate such opinion testimony just like any other testimony.  You may accept it or reject it, giving it as much weight as you think it deserves, considering the witness's education and experience, the reasons the witness gave for the opinions, and all of the other evidence.

Hypothetical questions have been asked of some witnesses.  A hypothetical question asks a witness to assume that certain facts are true, and then to give an opinion based on those assumed facts.  Of course if you find that any of the facts assumed and relied on by the witness when forming an opinion were not established by the evidence or were untrue, you must disregard that opinion.

7 - JURY INSTRUCTIONS

## Deposition in Lieu of Live Testimony

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial, and you may give it the same consideration as if the witness testified during the trial.

## Acts and Statements of a Corporation

Defendant Equifax, a corporation, can only act through its employees, agents, directors, or officers.  As a corporation. Equifax is responsible for the acts of its employees, agents, directors and officers performed within the scope of authority. You should, therefore, consider the acts and statements of Defendant's officers, agents, or employees as the statements of Defendant if the statements were made within the scope of that person's duties for Defendant.

## BURDEN OF PROOF

In any legal action, facts must be proved by a particular standard known as the "burden of proof."  In order to prevail in this case, Plaintiff must prove each of the elements of each of her Four Claims by a "preponderance of the evidence," which means by the greater weight of evidence.  The "preponderance of the evidence" is such evidence that, when weighed against the

8 - JURY INSTRUCTIONS

evidence opposed to it, has more convincing force and is more probably true than not.  If on any issue in the case the evidence appears to be equally balanced or you cannot say on which side it weighs heavier, you must resolve that issue against the Plaintiff on whom the burden of proof rests.

9 - JURY INSTRUCTIONS

## SUMMARY OF PLAINTIFF'S CLAIMS

Plaintiff Julie Miller brings this civil action for actual damages and punitive damages pursuant to the federal law known as the "Fair Credit Reporting Act" (FCRA).  Plaintiff is a "consumer" entitled to the protection and benefits of the Act and brought this action against Defendant Equifax Information Services, LLC., ("Equifax") which is a "consumer reporting agency" with certain duties and obligations under the Act.

Plaintiff alleges Defendant negligently violated the Fair Credit Reporting Act in one or more of the following ways:

1)    by failing to follow reasonable procedures to assure the maximum possible accuracy of the information contained in Plaintiff's credit report;

2)    by failing to conduct a reasonable reinvestigation of disputed information in Plaintiff's credit file after Plaintiff notified Defendant of the disputed information;

3)    by failing to disclose to Plaintiff the entire contents of her credit file upon her request; and/or

4)    by furnishing Plaintiff's consumer credit report to persons or businesses who did not have a permissible purpose to receive Plaintiff's credit report.

Plaintiff also alleges that she was damaged as a result of Defendant's alleged FCRA violations, and she seeks compensation

10 - JURY INSTRUCTIONS

in the form of actual damages she suffered as a result of Defendant's allegedly wrongful conduct.  Her claim for actual damages is for emotional distress, including humiliation, mental anguish, loss of reputation, invasion of privacy, and fear of lost credit opportunities.

Finally, Plaintiff contends Defendant also acted willfully in violating Plaintiff's rights under FCRA, and Plaintiff seeks an award of punitive damages to punish Defendant for such allegedly willful violations and to deter Defendant and others from similar misconduct in the future.

Defendant denies it negligently or willfully violated the Fair Credit Reporting Act and specifically denies Plaintiff is entitled to recover any damages against it.  Moreover, Defendant contends Plaintiff has not sustained any damage as a result of its conduct, and, to the extent it is determined Plaintiff has sustained damage, such damage was not caused by Defendant, but by other entities or events.

As noted, Plaintiff has the burden to prove each element of each of her Four Claims, as I am about to instruct you, by a preponderance of the evidence.  In the absence of such proof as to any one of her Claims, Plaintiff cannot prevail as to that Claim.

## ELEMENTS OF PLAINTIFF'S CLAIMS

Please note:  Definitions for certain terms used in the following instructions appear beginning on page 15 of these Final Jury Instructions in the order the terms appear in these Elements instructions.

### First Claim:  for Violation of Section 1681e(b)

In her First Claim, Plaintiff alleges Defendant violated Section 1681e(b) of the Fair Credit Reporting Act.  That section states that whenever a consumer reporting agency prepares a consumer report it must follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

In order to prevail on her First Claim for violation of Section 1681e(b), Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.    Defendant issued a consumer report (not a consumer disclosure) regarding Plaintiff to a third party;

2.    That consumer report contained inaccurate information about Plaintiff;

3.    In so doing, Defendant negligently failed to follow reasonable procedures to assure maximum possible accuracy when it prepared the consumer report; and

4.    Defendant's alleged negligence caused Plaintiff to sustain actual damage.

## **<u>Second Claim:  for Violation of Section 1681i(a)</u>**

In her Second Claim, Plaintiff alleges Defendant violated Section 1681i(a) of the Fair Credit Reporting Act.  That section states that when a consumer disputes the completeness or accuracy of any item, a consumer reporting agency must conduct a reasonable reinvestigation of the information contained in that consumer's credit file to determine whether the disputed information is inaccurate.

In order to prevail on her Second Claim for violation of Section 1681i(a), Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   Plaintiff's credit file contained inaccurate information;

2.   Plaintiff notified Defendant that she disputed the accuracy of such information;

3.   Defendant negligently failed to conduct a reinvestigation of the information contained in Plaintiff's consumer credit file; and

4.   Defendant's alleged negligence caused Plaintiff to sustain actual damage.

## **Third Claim:  for Violation of Section 1681g**

In her Third Claim, Plaintiff alleges Defendant violated Section 1681g of the Fair Credit Reporting Act.  That section states that, upon request by a consumer and upon receipt of proper identification, a consumer reporting agency must disclose to the consumer all the information in the consumer's file at the time of the request.

In order to prevail on her Third Claim for violation of Section 1681g, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.  Plaintiff properly requested a consumer disclosure from Defendant;

2.  Defendant negligently failed to provide Plaintiff with disclosure of all the information in her consumer file at the time of the request; and

3.  Defendant's alleged negligence caused Plaintiff to sustain actual damage.

## **Fourth Claim:  for Violation of Section 1681b**

In her Fourth Claim, Plaintiff alleges Defendant violated Section 1681b of the Fair Credit Reporting Act.  That section states that a consumer reporting agency may furnish a consumer report only to a company it has reason to believe intends to use the report in connection with a credit transaction involving the consumer.

14 - JURY INSTRUCTIONS

In order to prevail on her Fourth Claim for violation of Section 1681b, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1.   Defendant furnished a consumer report regarding Plaintiff to one or more third parties;

2.   In so doing, Defendant was negligent because Defendant did not have reason to believe that the consumer report would be used by such third party in connection with a credit transaction involving Plaintiff; and

3.   Defendant's alleged negligence caused Plaintiff to sustain actual damage.

**Definitions for the Elements of Plaintiff's Four Claims**

The following definitions apply to the Elements of Plaintiff's Four Claims:

1.   A **"consumer report"** (also known as a "consumer credit report") is any communication by a consumer credit reporting agency to a third party creditor bearing on a consumer's credit worthiness which is used in establishing a consumer's eligibility for credit or other purposes defined by the Fair Credit Reporting Act.

A "consumer report," however, is different from a **"file disclosure."** Under the Fair Credit Reporting Act, all consumers have a right to request a copy of the information appearing about them in a consumer reporting agency's database. The Fair Credit

15 - JURY INSTRUCTIONS

Reporting Act requires consumer reporting agencies such as Defendant to disclose to the consumer upon request all of the information in the consumer's file. The report generated by the consumer reporting agency in response to such a request by a consumer is called a "file disclosure." The "file disclosure" must contain certain additional information, and must disclose all instances where a particular consumer reporting agency furnished the consumer's report to a third party (which are called "inquiries"), to make the consumer aware of the information contained in the consumer reporting agencies' files.

2. "**Negligence**" in the context of this case means doing something which a reasonably prudent consumer reporting agency would not do or failing to do something which a reasonably prudent consumer reporting agency would do under the same or similar circumstances which you find existed in this case. In deciding what a reasonably prudent consumer reporting agency would or would not do in the circumstances of each of Plaintiff's Claims, you should balance the risk of potential harm to the Plaintiff from the particular violation alleged against the burden on the Defendant of safeguarding against such improper conduct. Nevertheless, if a consumer reporting agency accurately transcribes, stores, and communicates consumer information received from a source that it reasonably believes to be reputable and which is credible on its face, the credit reporting

16 - JURY INSTRUCTIONS

agency is not negligent simply by reporting an item of information that turns out to be inaccurate.  Moreover, the law does not require a consumer reporting agency to be error-free in performing its obligations under the Fair Credit Reporting Act, and the law recognizes that perfect accuracy in consumer credit reports is not a realistic objective.

3.   Defendant's conduct is a "**cause**" of damage to Plaintiff if such damage was a result of the conduct.

<u>Question 1 on the Verdict Form</u>
<u>Negligent violation of the Fair Credit Reporting Act.</u>

Once you complete your deliberations on the Elements of each of Plaintiff's Four Claims as explained above, you should answer Question 1 on the Verdict form.  If you find Plaintiff did not prove each of the Elements of at least one of her Four Claims as explained above, you should answer "no" to Question 1, which means your Verdict is for Defendant, your deliberations are complete, and your Presiding Juror should date and sign the Verdict form.

On the other hand, if you find Plaintiff has proved each of the Elements of one or more of her Four Claims by a preponderance of the evidence, you should answer "yes" to Question 1 and proceed to Question 2 and the following instructions regarding Actual Damages.

### Question 2 on the Verdict Form
### Actual Damages

If all eight of you find Plaintiff has proved all of the Elements of at least the same one or more of her Four Claims that Defendant negligently violated the Fair Credit Reporting Act, you must then determine the amount of any actual damages which Plaintiff proved she sustained as a result of Defendant's negligent violation(s) which you found by answering "yes" to Question 1.  Plaintiff has the burden to prove the amount of any actual damages you award by a preponderance of the evidence.

The mere fact I am instructing you regarding damages is not intended to suggest to you in any way that I believe Plaintiff should or should not recover.  As noted, the Verdict you return is entirely up to you, and these damages instructions are provided only so that you will have guidance in the event you decide that Plaintiff is entitled to recover.

In the context of this case, actual damages are any subjective, non-monetary losses the Plaintiff sustained as a result of Defendant's wrongful conduct.  Although the law does not furnish you with any fixed standard by which to measure the exact amount of actual damages, the law does require that all damages you award be reasonable.  Thus, you must apply your own considered judgment to the evidence in the case in order to determine the amount of any actual damages to award.  In determining the amount of such damages, consider any emotional

18 - JURY INSTRUCTIONS

distress, including humiliation, mental anguish, loss of reputation, invasion of privacy, and fear of lost credit opportunities Plaintiff proved she sustained as a result of Defendant's wrongful conduct.  You may not, however, award damages against Defendant for any harm to Plaintiff that was caused by others, and you may not award Plaintiff damages to account for her attorney's fees or costs in prosecuting this case as I will decide the amount of reasonable attorney's fees and costs to award, if any, depending upon your Verdict.

Once you have answered Question 2, you should proceed to consider Questions 3, 4, and 5 and the following instructions regarding "willfulness" and Plaintiff's claim for punitive damages.

### Questions 3, 4, and 5 on the Verdict Form
### "Willfulness" and Punitive Damages

In addition to her claims that Defendant negligently violated the Fair Credit Reporting Act, Plaintiff also alleges Defendant's violations were willful, and, as a result, punitive damages should be assessed against the Defendant in addition to Plaintiff's claim for actual damages.

### Willfully Defined

The Fair Credit Reporting Act imposes liability on a consumer reporting agency in favor of a consumer if the agency willfully fails to comply with a requirement imposed under the Act with respect to that consumer.  In this context, a consumer

19 - JURY INSTRUCTIONS

reporting agency acts "willfully" if it voluntarily and with specific intent fails to do something the Act requires to be done, or if it voluntarily acts with a purpose either to disobey or to recklessly disregard the requirements of the Act.  An agency acts with "reckless disregard" if it acts despite an unjustifiably high risk of harm that is either known to the agency or so obvious that it should be known to the agency.

Question 3 asks you whether Plaintiff proved by a preponderance of the evidence that Defendant also acted willfully when it violated the Fair Credit Reporting Act in the way(s) you found by answering "yes" to Question 1.  If your answer to Question 3 is "no," your deliberations are complete.  Do not answer any more questions.  Your Presiding Juror should date and sign the Verdict form.

On the other hand, if you answer "yes" to Question 3, you should proceed to Question 4 regarding punitive damages.

## **Punitive Damages**

If you answered "yes" to Question 3 by finding Defendant willfully failed to comply with a requirement of the Fair Credit Reporting Act, you may, but are not required to, award punitive damages.  The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Plaintiff has the burden of proving by a preponderance of the evidence that

punitive damages should be awarded, and, if so, the amount of such damages.

You may award punitive damages only if you find that Defendant's conduct that harmed Plaintiff was in reckless disregard of the Plaintiff's rights, but you may not award punitive damages if you find that Defendant's conduct was merely negligent or careless.  Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant acts in the face of a perceived risk that its actions will violate Plaintiff's rights under the Fair Credit Reporting Act.

If you find that punitive damages are not appropriate, your answer to Question 4 is "no" and your deliberations are complete. Do not answer any more questions.  Your Presiding Juror should date and sign the Verdict form.

But if you find that punitive damages are appropriate, answer "yes" to Question 4 and proceed to Question 5 which asks to you to determine the amount of any punitive damages to award.

In awarding any punitive damages, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of Defendant's conduct.  In addition, you may consider the relationship of any award of punitive

damages to any actual harm inflicted on Plaintiff and Defendant's
net worth.  You may not, however, set the amount of any punitive
damages in order to punish Defendant for harm to anyone other
than Plaintiff in this case.

## DELIBERATIONS

Now, on your return to the jury room, your first duty is to
select one of your number to serve as Presiding Juror.  That
person will speak for you here in court and will assure that the
Verdict form is completed according to your deliberations.  The
Presiding Juror has no greater say or vote than any other juror.
Once you have selected a Presiding Juror, then you will discuss
the case with your fellow jurors to reach agreement if you can do
so.

Your verdict must be unanimous.  Each of you must decide the
case for yourself, but only after you have considered all of the
evidence, discussed it fully and with the other jurors, and
listened to the views of your fellow jurors.  Do not be afraid to
change your opinion if the discussion persuades you that you
should.  Do not come to a decision simply because other jurors
think it is right.  It is important that you attempt to reach a
unanimous verdict, but only if each of you can do so after having
made your own conscientious decision.  Do not change an honest

belief about the weight and effect of the evidence simply to reach a verdict.

Some of you have taken notes during trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

If it becomes necessary during your deliberations to communicate with me, you may send a note to me through the courtroom deputy signed by any one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will communicate with you on anything concerning the case only in writing or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember, you are not to tell anyone--including me-- how the jury stands during your deliberations, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  In particular, do not disclose any vote count in any note you may send to me.

After you have reached unanimous agreement and your Presiding Juror has completed the Verdict as directed by your deliberations, your Presiding Juror will date and sign the Verdict form and advise the Court that you have reached a

23 - JURY INSTRUCTIONS

Verdict.  I will then bring the parties back to the courtroom in order to receive your Verdict in open court.

24 - JURY INSTRUCTIONS