```
 1                IN THE UNITED STATES DISTRICT COURT

 2                     FOR THE DISTRICT OF OREGON

 3   JULIE MILLER,                      )
                                        ) Case No. 3:11-CV-1231-BR
 4            Plaintiff,                )
                                        )
 5   v.                                 ) July 26, 2013
                                        )
 6   EQUIFAX INFORMATION SERVICES,      )
     LLC, a foreign limited liability   )
 7   company,                           )
                                        ) Volume 4
 8            Defendant.                )
     _____) Portland, Oregon
 9

10                    TRANSCRIPT OF PROCEEDINGS

11                 (Jury Trial - Day 4 - Verdict)

12

13      BEFORE THE HONORABLE ANNA J. BROWN, DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23   COURT REPORTER:        AMANDA M. LeGORE, RDR, CRR, FCRR, CE
                            U.S. COURTHOUSE
24                          1000 SW Third Avenue, Suite 301
                            Portland, OR  97204
25                          (503)326-8184
```

684

```
 1  APPEARANCES:

 2  FOR THE PLAINTIFF:        MICHAEL BAXTER
                              JUSTIN BAXTER
 3                            Baxter & Baxter, LLP
                              8835 SW Canyon Lane, Suite 130
 4                            Portland, OR  97225
                              (503)297-9031
 5                            michael@baxterlaw.com
                              justin@baxterlaw.com
 6

 7  FOR THE DEFENDANT:        JEFFREY EDELSON
                              Markowitz, Herbold, et al.,
 8                            1211 SW Fifth Avenue
                              Suite 3000
 9                            Portland, OR  97204
                              (503)295-3085
10                            jeffedelson@mhgm.com

11
                              PHYLLIS SUMNER
12                            LEWIS PERLING
                              King & Spalding, LLP
13                            1180 Peachtree Street, NE
                              Suite 1700
14                            Atlanta, GA  30309
                              (404)572-4799
15                            psumner@kslaw.com
                              lperling@kslaw.com
16

17

18

19

20

21

22

23

24

25
```

```
 1                 (Friday, July 26, 2013; 1:50 p.m.)
 2
 3                       P R O C E E D I N G S
 4
 5         THE COURT:  All right.  Please bring in the jury.
 6         (Jurors enter.)
 7         THE COURT:  All right.  Please be seated, everyone.
 8         Who is the presiding juror?
 9         (Juror No. 3 raises hand.)
10         THE COURT:  Mr. Coleman.
11         Has the jury reached a verdict?
12         JUROR NO. 3:  Yes, your Honor.
13         THE COURT:  And were you able to reach unanimous
14  agreement, then, on all marks you made on the form?
15         JUROR NO. 3:  Yes.
16         THE COURT:  All right.  Would you hand the form,
17  please, to Ms. Boyer.
18         (Judge handed verdict.)
19         THE COURT:  All right. This is a juror -- a verdict
20  in favor of the plaintiff on all questions as follows:
21         In response to question 1, the jury answered yes.
22         And in response to question 2, the jury assessed
23  actual damages at 180,000 dollars.
24         In response to question 3, the jury answered yes.
25         In response to question 4, the jury answered yes.
```

1        And in response to question 5, the jury assessed
2    $18,400,000.
3        The form is dated today and signed by Mr. Coleman.
4        Did I read the verdict accurately, Mr. Coleman?
5        JUROR NO. 3:  Yes.
6        THE COURT:  Jurors, did all eight of you agree on the
7    verdict, as I read it?
8        THE JURORS:  Yes.
9        THE COURT:  All right.  Are there any issues before I
10   receive the verdict and discharge the jury?  From the
11   plaintiff?
12       MR. JUSTIN BAXTER:  No, Judge.
13       THE COURT:  From the defense?
14       MS. SUMNER:  Your Honor, we request that you poll the
15   jurors.
16       THE COURT:  All right.  So, jurors, your names are
17   going to be called individually to confirm that, indeed, we
18   have a unanimous verdict.
19       So when your name is called, the question you're
20   answering is, is this (indicating document) your verdict?
21   Meaning, do you agree with everything that was read.  And if
22   so, you say yes.
23       And if you disagree with the verdict, then you say no
24   when your name is called.
25       Ms. Boyer.

| | | |
|---|---|---|
| 1 | THE CLERK: | Eric Councilman. |
| 2 | THE JUROR: | Yes. |
| 3 | THE CLERK: | Victoria Kennewell. |
| 4 | THE JUROR: | Yes. |
| 5 | THE CLERK: | Scott Coleman. |
| 6 | THE JUROR: | Yes. |
| 7 | THE CLERK: | Mary Monson. |
| 8 | THE JUROR: | Yes. |
| 9 | THE CLERK: | Jessica Crawford. |
| 10 | THE JUROR: | Yes. |
| 11 | THE CLERK: | Loren Lindquist. |
| 12 | THE JUROR: | Yes. |
| 13 | THE CLERK: | David Peck. |
| 14 | THE JUROR: | Yes. |
| 15 | THE CLERK: | And David Peterson. |
| 16 | THE JUROR: | Yes. |

17  THE COURT: All right. The poll has been completed,
18 which confirms the unanimity of the verdict.
19       Is there anything else we need to address before the
20 jury is discharged and the verdict received?
21       MR. JUSTIN BAXTER: No, Judge.
22       MS. SUMNER: Not at this time, your Honor.
23       THE COURT: Well, at any time with the jury. I want
24 to be sure the jury may be discharged. If there's any issue
25 that involves the jury, you need to raise it now.

1     MS. SUMNER: No, your Honor. We would just have a
2  motion for the Court.
3     THE COURT: Ladies and gentlemen, this brings to an
4  end your service on this case, and I want to express to you the
5  thanks of the citizens of the District of Oregon, and certainly
6  of the Court. We appreciate very much the attention you
7  brought to the matter.
8     And I hope the experience was one that leaves you
9  with a sense that the next time that subpoena comes for you or
10 you hear someone who gets a jury subpoena, you will encourage
11 them to say, yes, and to come.
12    As I say, the constitutional right to a jury trial
13 that we discussed at the front end of the case would not mean
14 very much if people wouldn't show when the time came for a -- a
15 citizen to come forward, to have such a trial. So you've
16 contributed to the continuation of a long tradition, and I
17 thank you very much for that.
18    I'm discharging you now from your service, and
19 freeing you from all of the orders I have given you from the
20 beginning. You are now free to -- free to speak to whomever
21 you want about whatever you want concerning the case.
22    But I remind you that you should be respectful of the
23 privacy of your fellow jurors, to the extent you choose to talk
24 about this experience with anyone.
25    I ask that you speak about it from your personal

1  perspective and not reveal the thinking processes of other
2  jurors.  That's simply nobody's business but the eight of you,
3  for that period of time that you were deliberating.
4          I'm going to come to the jury room in just a minute
5  to see if there's anything you would like to offer to me by way
6  of feedback, anything we can do better to improve the process
7  for jurors next time, or any concerns you have that you would
8  like me to relay to the parties, I'm happy to do that.
9          Under our rules, the lawyers are not free to contact
10 you.  So you don't need to worry that anyone's going to call
11 you up or interview you or ask you about your experience.  You
12 are, however, free to contact them.  And if you want that
13 information, we'll be happy to provide it to you so that you
14 can do that.
15         All right.  Anything else?  Anyone?
16         All right.  Ladies and gentlemen, you're free to go.
17 Thank you so much.  Have a good weekend.
18         And please follow Ms. Boyer.  I'll be in the room in
19 just a moment.
20         (Jurors exit.)
21         (Court and law clerk conferring.)
22         THE COURT:  Okay.  Let's please be seated for just a
23 couple of points.
24         We need to address this issue of what to do with the
25 exhibit books.

1        So, for the record, the issue is this:  All the
2    jurors had a work copy of all but three exhibits.  There was an
3    official set of exhibits that was not a work copy.
4        All of them were in black binders and the jurors did
5    not distinguish, evidently, among the set while they were
6    deliberating, and have in fact made notes in all of the sets.
7        THE CLERK:  They said they didn't make notes in the
8    original one.
9        THE COURT:  Oh, they didn't.
10        THE CLERK:  We just don't know which one that is.
11        THE COURT:  Okay.  Then the problem is easily solved.
12        Ms. Boyer is charged with determining which of the
13    books is the original, and it will be returned to Mr. Baxter,
14    on behalf of the plaintiff.  And then the other books will be
15    kept by the court and the jurors' notes will be shredded and
16    destroyed, so that there's not a -- not an issue around that.
17        Mr. Baxter.
18        MR. MICHAEL BAXTER:  I was just going to say, it
19    would be nice if we could have all of the indexes and the
20    binders back.  That's all.
21        THE COURT:  Yes, those resources can be recycled, and
22    we'll be sure you have that.
23        MR. MICHAEL BAXTER:  Thank you.
24        THE COURT:  All right.  Now, are there any other
25    issues we need to address today?

1          Here's my suggestion.  Obviously the verdict is one
2    that should give the parties something to think about.  And
3    before we take new steps that are going to be expensive for
4    each side, before we litigate issues of attorney fees, before
5    we litigate issues of the punitive damages, before we litigate
6    issues around motions for new trial and, in any event, a
7    remittitur of the punitive damage award based on law that might
8    suggest such a motion, I think it is very important that the
9    parties try to resolve the case.
10          Now, since you now have an indication about what this
11   jury determined and you are no longer operating on your own
12   personal assessments that you've given to your clients about
13   what might or might not happen, this has happened, and it's
14   real, and you need to deal with it.  And hopefully you'll be
15   able to resolve the matter.
16          But if you're not, then we'll need a process to go
17   forward, to timely and in an organized way deal with the
18   motions.
19          I assume the Attorney General will want to know
20   promptly about the return of the verdict.  I think the statute
21   was changed to say that the state's interest vests at the time
22   of the return of the verdict, but I might be wrong.
23          I've already had one case about this, and it went to
24   the Ninth Circuit and then across to the Oregon Supreme Court
25   and back to the Ninth Circuit.  The **Patton versus Target** case.

1      If the law is the same as it was then, then the state
2 does not have standing to participate in your settlement
3 negotiations.
4      We have a statute that provides that the State of
5 Oregon is a judgment creditor for any punitive damage judgment
6 that's entered.
7      And in the **Patton** case, as has happened here, a
8 verdict was returned in plaintiff's favor that had a punitive
9 damage component.  The parties settled the case.  The State of
10 Oregon thought it should have been included in those settlement
11 discussions.  And, instead, the parties presented a judgment of
12 dismissal.  And then we had litigation about could they
13 intervene, and could they be a party.  And I allowed them to
14 intervene but concluded, ultimately, under the statute, they
15 could not stand in the way of the parties here -- or, there,
16 settling the outcome of the case.
17      And that decision, under the law as it existed then,
18 was affirmed ultimately by the Ninth Circuit, based on a
19 certified question from the Oregon Supreme Court.
20      I don't know if the legislature changed that issue,
21 because the problem had to do with becoming a judgment creditor
22 before a judgment had entered.
23      The statute read in those terms, and it was deemed to
24 be ambiguous.  And -- and the result was the state's interest
25 didn't attach.

1    So there's just another issue that could come up that
2 requires, I think, some evaluation by all of the parties.  I
3 would like -- what -- I would like not to see any filings of
4 anything.  And I would like to be able to enter an order that
5 relieves -- or -- or simply directs you not to file any motions
6 until you have had an opportunity to assess the situation and
7 talk and see if there's a course that you can take that will
8 bring the issue to a close.
9    So what I propose is to enter an order that directs
10 you to give me a status report, a joint status report, about
11 how you wish to proceed; whether it's by way of post-trial
12 motions or whether you want more time to explore settlement, or
13 what.  But it seems to me a few weeks would be sufficient for
14 you to evaluate that.
15    Does that work for you all?
16    MR. JUSTIN BAXTER:  That's fine.
17    MS. SUMNER:  That's fine, your Honor.  Thank you.
18    THE COURT:  And so the original verdict will be
19 entered by the clerk, but here are copies for you, for your
20 file.
21    I am going to go visit with the jurors.  And if
22 there's any feedback, I will give it to you if you're still
23 here when I come back.  I'll give it to you that way.
24 Otherwise, I'll send you an e-mail that goes to all of you.
25    Today is the 26th of July.  And let's see.  Three

1  weeks from today would be August 16.  I know it's summer and
2  people have other plans, and I know you would like to be doing
3  other things, but is that soon enough for you to give me a
4  joint status report?  Yes?
5              MS. SUMNER:  Yes, your Honor.  Thank you.
6              MR. JUSTIN BAXTER:  That's fine.
7              THE COURT:  So the -- the clerk should enter an order
8  that indicates that for the reasons stated on the record, the
9  parties are not to file any post-trial motions until the Court
10 directs.  The parties are directed to explore settlement
11 possibilities, and to give me an updated joint -- joint, as in
12 one report, with everybody's perspectives as of August 16th,
13 2013.
14             And, of course, if you manage to resolve everything
15 before then, you could always just submit a stipulated judgment
16 of dismissal, but that's up to you.
17             All right.  Anything else for the record?
18             MR. JUSTIN BAXTER:  No, Judge.
19             MS. SUMNER:  Just, your Honor, a question about
20 timing.
21             THE COURT:  Yes.
22             MS. SUMNER:  If the parties are unable to resolve
23 this and we move into motion practice, would we be allowed a
24 time, starting at that status point, to --
25             THE COURT:  Well, if that's what you report, I'll set

695

1  a scheduling conference with you --
2           MS. SUMNER:  Okay.
3           THE COURT:  -- by phone, and we'll figure out a
4  briefing schedule.
5           You should know I'm going to be away from the
6  district for a block of about three weeks, starting in the
7  middle of September.
8           So any motions that are going to need litigating
9  aren't going get heard until October anyway.  So if you need
10 more time than August 16 to explore settlement, because you're
11 making progress, that's fine.  I just need a report as to what
12 progress you're making as of that point.
13          MS. SUMNER:  Thank you.
14          THE COURT:  Okay.  All right.  That's all.
15          Thank you, everybody.  Safe travels, for those of you
16 who are not from here.
17          (Conclusion of proceedings.)
18                              -0-
19
20
21
22
23
24
25

*Certificate*

696

--oOo--

I certify, by signing below, that the foregoing is a correct transcript of the oral proceedings had in the above-entitled matter this 6th day of August, 2013. A transcript without an original signature or conformed signature is not certified. I further certify that the transcript fees and format comply with those prescribed by the Court and the Judicial Conference of the United States.

/S/ Amanda M. LeGore
_____

AMANDA M. LeGORE, RDR, CRR, FCRR, CE